**Ford v. Ford**

*Maxwell H. Cohen* and *David H. Ben-Asher*, for plaintiff.

*Janet Marsh Shay*, for defendant.

O'BRIEN, *J.*, September 22, 1988 — On September 23, 1987, Peter Ford and Carla Ford were divorced by decree of the Superior Court of New Jersey in and for the County of Bergen. Carla Ford moved to Pennsylvania with the parties' two children, namely Erika (date of birth May 14, 1974) and Jana (date of birth July 19, 1977). On May 16, 1988, plaintiff father filed a "complaint for custody" in this court seeking custody of the parties' two children. On July 6, 1988, this court approved the recommendation of a custody master following a custody conference ordering home studies, psychiatric and psychological evaluations of the parties to assist the court in resolving the issue of custody. Subsequently plaintiff father served a "notice of oral deposition" pursuant to Pa.R.C.P. 4007.1 to depose defendant mother. Counsel for defendant mother filed a petition to quash discovery to which plaintiff father filed an answer. Following briefs and argument of the parties on September 6, 1988, the discovery issue is now before the court for disposition.

The Pennsylvania Rules of Civil Procedure provide in pertinent part as follows:

"These rules (governing depositions and discovery) shall not apply to an action of divorce or for an-

nulment of marriage, an action for support, or an action for custody of minor children except to the extent prescribed by the rules governing those actions." Pa.R.C.P. 4001 (a)(2).

"There shall be no discovery (in actions for custody) unless authorized by special order of court." Pa.R.C.P. 1915.5 (c).

In view of the clear mandate of the above-quoted portions of the Rules of Civil Procedure, it would appear that plaintiff's notice of deposition in this custody proceeding should be quashed.

However, counsel for plaintiff argues that the amendments to the Divorce Code enacted by the general assembly effective February 12, 1988 authorize discovery in custody cases. The provision of the recent amendment is referenced by counsel for plaintiff as a part of section 403 of the Divorce Code which provides in its entirety as follows:

"§403. Injunction against disposition of property pending suit and decree rending fraudulent transfers null and void—

"(a) Where it appears to the court that a party is about to remove himself or herself or his or her property from the jurisdiction of the court or is about to dispose of, alienate, or encumber property in order to defeat equitable distribution, alimony pendente lite, alimony, child and spousal support, or similar award, an injunction may issue to prevent such removal or disposition and such property may be attached as provided by the Rules of Civil Procedure. The court may also issue a writ of ne exeat to preclude such removal.

"(b) Both parties shall submit to the court an inventory and appraisement, which shall contain all of the following:

"(1) A list of the property owned or possessed by either or both of them as of:

"(i) the date of separation; and

"(ii) 30 days prior to the date of hearing on equitable distribution.

"(2) A list of the value of the property owned or possessed by either or both of them as of:

"(i) the date of acquisition;

"(ii) the date of separation; and

"(iii) 30 days prior to the date of hearing on equitable distribution.

"(3) A list of the liabilities of either or both of them as of 30 days prior to the date of the hearing on equitable distribution, whether or not the liabilities are related to the property set forth in the inventory and appraisement.

"(b.1) *Discovery under this act shall be as provided for all other civil actions under the Pennsylvania Rules of Civil Procedure.*

"(c) If any party fails to disclose information required by subsection (b) and in consequence thereof any asset or assets with a fair market value of $500 or more is omitted from the final distribution of property, the party aggrieved by such non-disclosure may at any time petition the court granting the award to declare the creation of a constructive trust as to all undisclosed assets, for the benefit of the parties and their minor or dependent children, if any, with the party in whose name the assets are held declared the constructive trustee, said trust to include such terms and conditions as the court may determine. The court shall grant the petition upon a finding of a failure to disclose such assets as required under subsection (b).

"(d) Any encumbrance or disposition of marital property to third persons who paid wholly inad-

equate consideration for such property may be deemed fraudulent and declared null and void." 23 P.S. 403 (emphasis supplied).

In his argument, counsel for plaintiff makes reference to various commentaries by distinguished practitioners in matrimonial law to the effect that paragraph (b.1) of section 403 is a plenary grant of discovery in matrimonial cases. In evaluating this opinion, it is noteworthy that these same practitioners were advocating such discovery in their commentaries prior to the adoption of this amendment. A proper grammatical reading of section 403 raises an obvious question. Is the discovery provision of section 403 limited to equitable distribution issues or did the legislature merely commit an incredibly poor job of draftsmanship by inserting the discovery provision as a subparagraph of section 403? Another fascinating question is whether or not the legislature has the power to pre-empt a rule of the Supreme Court governing procedure in civil actions. Clearly the legislature has the authority to create substantive rights in parties to legal proceedings but does it have the authority to regulate the conduct of legal proceedings? These are questions which may have to be resolved by this court in the future when discovery is sought in *divorce* proceedings. However, these difficult questions need not be answered in the case at bar since it is strictly a *custody* proceeding.

We hold that the amendments to section 403 of the Divorce Code enacted February 12, 1988 have no bearing whatsoever on custody proceedings. The provisions of Pa.R.C.P. 1915.5 (c) and Pa.R.C.P. 4001 (b)(2) are controlling and preclude discovery in custody cases. Although practitioners in matrimonial law may be anxious to use discovery as a tool

in custody cases, we believe discovery in custody cases would have an adverse impact on all participants in the proceeding. Custody cases are among the most sensitive and emotion-charged proceedings that can occur in a courtroom. In custody cases, the child's physical, intellectual, moral and spiritual well-being is the paramount concern of the court. *Gerber v. Gerber*, 337 Pa. Super. 580, 487 A.2d 413 (1985). Custody cases are tried before a judge, without a jury, and require a careful evaluation of the credibility, attitudes and emotional stability of the parties. Testimony of the parents and the child is frequently a traumatic experience for all involved. Is there any reason to have the participants go through such a procedure twice? If a parent can be deposed, how about the child? What impact would such a requirement have on the child's well-being?

Finally it should be noted that home studies, psychiatric and psychological evaluations have been ordered in the case at bar which is a usual practice in custody proceedings. When these reports are completed, they are available for inspection and the author can be examined under oath by counsel for both parties. These reports are generally comprehensive and provide counsel with much of the same information they might acquire in the course of discovery by deposition or interrogatory. In view of all the foregoing considerations, we conclude that discovery in custody proceedings is not presently permitted by the Pennsylvania Rules of Civil Procedure and should not be permitted by this court.

## ORDER

And now, September 22, 1988, the petition of defendant Carla Ford to quash the notice of deposition served upon her by plaintiff Peter Ford is granted.